**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL McKINNON, | : | |
|    Plaintiff, | : | Civil Action No. 1:06-CV-1415 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| CARS ON CREDIT, INC., et al., | : | |
|    Defendants. | : | |

## MEMORANDUM

On July 19, 2006, Plaintiff filed a pro se complaint in this Court and application to proceed in forma pauperis. (Doc. Nos. 1, 2.) In an order dated July 31, 2006, this Court granted Plaintiff's application to proceed in forma pauperis and dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e). (Doc. No. 7.) On August 31, 2006, Plaintiff moved to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 9.) The motion specifically stated that "Plaintiff files this post judgement [sic] motion to alter or amend the judgement [sic]. This motion does not seek relief from the judgement [sic] under Federal Rule of Civil Procedure 60." (Doc. No. 9, ¶ 2.) Along with his motion, Plaintiff filed an amended complaint with this Court. (Doc. No. 11.) Plaintiff does not contend that the Court's July 31, 2006, order was incorrect; rather, Plaintiff claims that he has "cured the deficiencies in his amended complaint [and] asks the court to render a new judgement [sic] and place his case on the court's docket." (Doc. No. 10, ¶ 11.)

Federal Rule of Civil Procedure 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Plaintiff's filing is not timely under this rule. Nonetheless, the Court is "free to recharacterize the motion to amend to match the substance of the relief requested." Ahmed v. Dragovich, 297 F.3d 201, 208 (3d Cir. 2002). Under the Federal Rules of Civil Procedure, "motions seeking to amend a complaint that

are made after a judgment of dismissal have [sic] been entered have been construed as Rule 60(b) motions." Id. (quoting 12 James Wm. Moore, Moore's Federal Practice § 60.64, at 60-196 (3d ed. 2002). The Third Circuit has held that where "the motion is filed outside of the ten days provided for under Rule 59(e) but within the year permitted under Rule 60(b), and the motion may be read to include grounds cognizable under the latter rule, we will consider it to have been filed as a Rule 60(b) motion." Id. at 209. Thus, despite Plaintiff's disclaimer, the Court will construe Plaintiff's motion as a motion to reopen the judgment pursuant to Rule 60(b).

Yet, even under Rule 60(b), the Plaintiff's motion must be denied. Under Rule 60(b), a final judgment may be set aside for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). In this case, Plaintiff has not demonstrated any reason to set aside the Court's order beyond the fact that he "has amended his complaint and cured the deficiencies." (Doc. No. 10, ¶ 8.) However, upon reviewing Plaintiff's amended complaint the Court finds that Plaintiff has not met his burden under any of the enumerated reasons to set aside the judgment, including the "catch-all" Rule 60(b)(6), which is an "extraordinary [remedy], and special circumstances must justify granting relief under it." Green v. White, 319 F.3d 560, 563 n.1 (3d Cir. 2003). Therefore, the Court will deny Plaintiff's motion under Rule 60(b) as well.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL McKINNON,** | : | |
|     **Plaintiff,** | : | **Civil Action No. 1:06-CV-1415** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **CARS ON CREDIT, INC., et al.,** | : | |
|     **Defendants.** | : | |

## ORDER

**AND NOW**, this 14th day of November 2006, upon consideration of Plaintiff's Motion to Alter or Amend the Judgment (Doc. No. 9) filed in the above-captioned matter, and for the reasons set forth in this Court's Memorandum Opinion filed herewith, **IT IS HEREBY ORDERED** that said Motion is **DENIED**.  The Clerk of Court is directed to close the file.

                                                  s/ Yvette Kane
                                                Yvette Kane, Chief Judge
                                                United States District Court
                                                Middle District of Pennsylvania